UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
TODD RETALLACK,                     : 15 Civ. 0135 (ALC) (JCF)
                                    :
            Petitioner,             :       REPORT AND
                                    :       RECOMMENDATION
    - against -                     :
                                    :
J. DEMARSE, as Superintendent of    :
Altona Correctional Facility,       :
                                    :
            Respondent.             :
- - - - - - - - - - - - - - - - - -:
TO THE HONORABLE ANDREW L. CARTER, U.S.D.J:

        Todd Retallack brings this habeas corpus petition pursuant to

28 U.S.C. § 2254, challenging his conviction in New York State

Court, Rockland County, for sexual abuse and endangering the

welfare of a child on the ground that the trial judge improperly

discharged a sworn juror.  For the following reasons, I recommend

that the petition be denied.

Background

        In fall 2009, Todd Retallack had sexual contact with four-

year-old SF, whom he was babysitting.  (Tr. 5/21/12 at 613-16).[1]

SF told her father (Tr. 5/21/12 at 617), who informed the police

(Tr. 5/21/12 at 658-60).  The petitioner was arrested and charged

by a grand jury with Sexual Abuse in the First Degree in violation

---

        [1] "Tr." refers to the transcript of the trial and related
proceedings.  The pages are not continuously numbered, and
references will therefore include the date of the transcript.

of New York Penal Law § 130.65(3), and Endangering the Welfare of a Child in violation of Penal Law § 260.10(1).  (Rockland County Indictment Number 370-2011; Tr. 5/14/12 at 6-8).

The case proceeded to trial, during which a juror requested to be excused because she was scheduled to attend training classes in connection with the merger of Citizen's Bank with People's United Bank.  (Tr. 6/6/12 at 710-11).  As manager of a branch of Citizen's Bank, the juror stated that she was required to attend the classes and that they could not be rescheduled.  (Tr. 6/6/12 at 710-11).  Although the prosecution consented to the discharge of the juror, defense counsel did not.  (Tr. 6/6/12 at 713-14).  The court nevertheless excused the juror over the defense objection.  (Tr. 6/6/12 at 714).

At the conclusion of the trial, on June 14, 2012, Mr. Retallack was convicted on both counts.  (Tr. 6/14/12 at 1324-25).  On December 18, 2012, the court sentenced him to three years imprisonment and five years of post-release supervision on the sexual abuse charge and to one year on the child endangerment charge, with the sentences to run concurrently.  (S. at 10-11).[2]

Mr. Retallack appealed to the Appellate Division, Second Department, contending that the trial court violated New York

---

[2] "S." refers to the transcript of the sentencing proceeding.

2

Criminal Procedure Law § 270.35 by improperly discharging a sworn juror over the objection of defense counsel. (Petitioner's State Appellate Brief ("Pet. App. Br.") at 30-37). He also contended that the verdict was against the weight of the evidence. (Pet. App. Br. at 55-57). On June 4, 2014, the Appellate Division affirmed the conviction, rejecting the claim that the verdict was against the weight of the evidence and stating that Mr. Retallack's "remaining contentions are unpreserved for appellate review." People v. Retallack, 118 A.D.3d 732, 732, 986 N.Y.S.2d 862-63 (2d Dep't 2014). The petitioner's application for leave to appeal to the Court of Appeals was denied on June 19, 2014. People v. Retallack, 23 N.Y.3d 1024, 992 N.Y.S.2d 807 (2014).

In the instant petition, Mr. Retallack claims that the trial court improperly dismissed a sworn juror in violation of state law and of his federal constitutional rights under the Sixth Amendment. (Petition ("Pet.") at 4-7; Petitioner's Memorandum of Law ("Pet. Memo.") at 2; Petitioner's Reply Brief ("Reply") at 1-2).

Discussion

    A.  Standard for Habeas Corpus Review

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), a federal court may not grant a petition for a writ of habeas corpus by a person in state custody

    with respect to any claim that was adjudicated on the

3

> merits in State court proceedings unless the adjudication
> of the claim (1) resulted in a decision that was contrary
> to, or involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or (2) resulted in a decision
> that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d). The "contrary to" and "unreasonable application" clauses of § 2254(d) have "independent meanings." Douglas v. Portuondo, 232 F. Supp. 2d 106, 111 (S.D.N.Y. 2002) (citing Jones v. Stinson, 229 F.3d 112, 119 (2d Cir. 2000)). A state court's decision is "contrary to" clearly established federal law when the state court "applies a rule that contradicts the governing law set forth in" a Supreme Court opinion or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

A state court's decision is "unreasonable" when the decision is "more than incorrect or erroneous" and is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). It is a standard that is "difficult to meet"; habeas relief should be granted only where there is "no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." Harrington v. Richter, 562 U.S. 86,

4

102 (2011).   Notwithstanding this deferential standard, federal courts must independently evaluate whether a constitutional violation has occurred.  Wright v. West, 505 U.S. 277, 305 (1992) (O'Connor, J., concurring in the judgment) ("We have always held that federal courts, even on habeas, have an independent obligation to say what the law is.").

    B.   Juror Discharge

Federal habeas relief is only available to remedy violations of federal law.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Accordingly, unless it implicates a constitutional concern, a violation of state law is not a cognizable habeas claim. Estelle, 502 U.S. at 68 ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Lewis v. Jeffers, 497 U.S. 764, 780 (1990)("[F]ederal habeas corpus relief does not lie for errors of state law."); Noble v. Kelly, 246 F.3d 93, 98 (2d Cir. 2001).

An allegation of improper discharge of a juror is generally an issue of state law not cognizable on habeas review.  Johnson v. Artuz, 00-CV-6106, 2006 WL 1144513, at *6 (W.D.N.Y. May 1, 2006) ("Thus, it is clear that a violation of a state statute such as New

York's rule governing juror discharge is not a claim cognizable on federal habeas review unless the violation implicates federal constitutional concerns."). Specifically, the substitution of one juror with another does not raise a federal question absent allegations of bias or prejudice. Ford v. Crinder, 97 Civ. 3031, 2001 WL 640807, at *4 (S.D.N.Y. June 8, 2001) (noting that there is no federal constitutional requirement that composition of jury remain unaltered); see also United States v. Millar, 79 F.3d 338, 342 (2d Cir. 1996) ("[S]ubstitution of an alternate juror for reasonable cause is the prerogative of the court and does not require the consent of any party." (alteration in original) (internal quotation marks omitted)); Baston v. Artus, No. 08 CV 3425, 2010 WL 5067696, at *3 (E.D.N.Y. Dec. 6, 2010) ("Even if the trial judge erred in dismissing [the sworn juror], habeas relief would not be warranted as Petitioner does not allege, let alone establish, that he was prejudiced by the substitution.").

Here, Mr. Retallack alleges that the trial court violated a state statute, Criminal Procedure Law § 270.35, by discharging a sworn juror and substituting an alternate. (Pet. at 4; Pet. Memo. at 2). He claims that the violation of the statute impinges his federal constitutional rights under the Sixth Amendment because he was deprived of "a jury of his choice." (Pet. Memo. at 2; Pet. at 7; Reply at 2). However, in the absence of any allegation of

prejudice or bias resulting from the substitution, the petitioner has not raised a claim cognizable on federal habeas corpus review.

C.   Exhaustion

To the extent that Mr. Retallack attempts to raise a claim based on violation of the Sixth Amendment, his claim is unexhausted.  The Sixth Amendment grants criminal defendants "the right to trial by a jury composed of a fair cross section of the community." Tennessee v. Lane, 541 U.S. 509, 523 (2004); see Irvin v. Dowd, 366 U.S. 717, 722 (1961) ("[T]he right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors.").  The Fourteenth Amendment extends this right to "all criminal cases which -- were they to be tried in a federal court -- would come within the Sixth Amendment's guarantee." Duncan v. State of Louisiana, 391 U.S. 145, 149 (1968) (footnote omitted).

Generally, before a federal court may review a habeas claim brought by a state prisoner, the petitioner must first exhaust his available state remedies.  See 28 U.S.C. § 2254(b)(1); Aparicio v. Artuz, 269 F.3d 78, 89 (2d Cir. 2001); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997).  To do so, a petitioner must meet a two-pronged test.  First, he must give the state courts a fair opportunity to consider his federal claims and correct any constitutional violation.  Picard v. Connor, 404 U.S. 270, 275

7

(1971); <u>Lurie v. Wittner</u>, 228 F.3d 113, 123-24 (2d Cir. 2000) (noting that constitutional challenges must be "fairly presented to the state courts" (internal quotation marks omitted)). Satisfaction of this prong requires the petitioner to "have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." <u>Daye v. Attorney General of State of New York</u>, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). While a petitioner "must have placed before the state court essentially the same legal doctrine he asserts in his federal petition," he may "fairly present the substance of a federal constitutional claim to the state court without citing 'book and verse on the federal constitution.'" <u>Id.</u> at 192 (quoting <u>Picard</u>, 404 U.S. at 278). A petitioner may meet this requirement by presenting the claim in any of the following ways:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

<u>Strogov v. Attorney General of State of New York</u>, 191 F.3d 188, 191 (2d Cir. 1999) (quoting <u>Daye</u>, 696 F.2d at 194). Second, "having presented his federal constitutional claim to an appropriate state court, and having been denied relief, the petitioner must have

utilized all available mechanisms to secure [state] appellate review of the denial of that claim." Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981) (citing 28 U.S.C. § 2254(c)).

Here, Mr. Retallack did not fairly present his potential federal claims in state court. Specifically, he did not claim that the Sixth Amendment was violated by the state court's discharge and replacement of the juror. (Pet. App. Br. 30-37). He did not cite any federal law, but only the New York State Constitution, New York Criminal Procedure Law, and New York case law. (Pet. App. Br. 30-37). Furthermore, the claim that juror replacement is invalid is not the "substantial equivalent" of a claim that the replacement violates federal constitutional rights. See Picard, 404 U.S. at 278 (holding that alleging that grand jury indictment was improper in state courts is not "substantial equivalent" of arguing that indictment violated constitutional rights of the defendant). Thus, "the constitutional claim . . . in [the petitioner's] facts was never brought to the attention of the state courts," and the state courts did not receive an "opportunity to hear the claim sought to be vindicated in a federal habeas proceeding." Picard, 404 U.S. at 276-77. Accordingly, the petitioner's claim is unexhausted.

Nevertheless, that claim should be considered exhausted but procedurally barred from review. The petitioner no longer has a state forum available in which to raise his federal claim. He was

9

entitled to one opportunity to appeal and one application for leave to appeal.  See N.Y. Crim. Proc. Law § 460.10(1), (5); N.Y. Comp. Codes R. & Reg. tit. 22, § 600.8; Ramirez v. Attorney General, 280 F.3d 87, 94 (2d Cir. 2001); Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991).  The petitioner appealed to the Appellate Division, Second Department, Retallack, 118 A.D.3d 732, 986 N.Y.S.2d 862, and sought leave to appeal from the New York State Court of Appeals, which was denied, Retallack, 23 N.Y.3d 1024, 992 N.Y.S.2d 807. Because he is now procedurally barred from raising his federal claim in state courts, "federal habeas courts also must deem the claim[] procedurally defaulted."  Aparicio, 269 F.3d at 90. Accordingly, the petitioner has utilized all available mechanisms of state court review and his claim is procedurally barred from review.

A habeas petitioner can overcome a procedural bar if he is able to show cause for the default and resulting prejudice.[3]  See Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001).  A

---

[3] A claim may also be heard if a petitioner can show that "failure to consider [it] will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991).  The Supreme Court has limited this exception to the "extraordinary" case in which "'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'"  Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986).  Mr. Retallack has asserted no such claim here.

petitioner establishes cause if he can show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488; accord Coleman, 501 U.S. at 753.  Here, the petitioner has proffered no cause for failing to raise his federal claim in state courts; thus, this exception cannot save his claim.  And, since the petitioner has failed to show cause for his default, I need not consider whether the refusal to consider any constitutional claim on the merits would cause him prejudice.  See McCleskey v. Zant, 499 U.S. 467, 502 (1991).

Conclusion

For the reasons set forth above, I recommend that the petitioner's application for the writ of habeas corpus be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of Court, with extra copies delivered to the chambers of the Honorable Andrew L. Carter, Room 1306, 40 Foley Square, New York, NY 10007, and to the undersigned, Room 1960, 500 Pearl Street, New York, NY 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:      New York, New York
            June 8, 2015


Copies mailed this date:

Harvey A. Levine, Esq.
Law Office of Harvel A. Levine
115 Christopher St.
New York, NY 10014

Priscilla Steward, Esq.
Assistant Attorneys General
120 Broadway
New York, NY 10271

12